# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**ELIANA ARRATIA**,                                    Case No.:

      Plaintiff,

      v.

**AMERICAN MEDICAL CENTRAL INC
d/b/a HIALEAH HOSPITAL**,

      Defendant.

_____/

## COMPLAINT FOR DAMAGES AND JURY DEMAND

    Plaintiff, **ELIANA ARRATIA** ("Plaintiff" or "ARRATIA"), by and through undersigned counsel, sues Defendant, AMERICAN MEDICAL CENTRAL INC d/b/a HIALEAH HOSPITAL, (hereinafter "Defendant" or "HIALEAH HOSPITAL"), and alleges as follows:

## NATURE OF ACTION

1. This action is brought under 42 U.S.C. § 1981; the Age Discrimination in Employment Act 29 U.S.C. §621 et seq. (ADEA); Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. (Title VII); and the Florida Civil Rights Act §760.01, et seq., Florida Statutes (FCRA); to redress unlawful employment practices toward Plaintiff, including but not limited to discrimination and discharge from employment.

## JURIDICTION AND VENUE

2. This court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 42 U.S.C. § 1981; the Age Discrimination in Employment Act 29 U.S.C. §621 et seq. (ADEA) and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. (Title VII).

3. The Southern District of Florida, Miami-Dade Division is proper under 28 U.S.C. § 1391 (b)(1) because Defendant is a resident of, has agents, and/ or transacts their affairs in this district.

4. Venue is proper because under 28 U.S.C. § 1391 (b)(2) because all or a substantial part of the events giving rise to this cause occurred in this district.

## PARTIES

5. Plaintiff is an individual residing in Miami, Florida and is a resident of Miami-Dade County, Florida for all times relevant to this action.

6. At all times relevant to this action, Plaintiff was an employee of Defendant.

7. Defendant is a Corporation authorized to conduct business in the State of Florida and in Miami-Dade County, Florida.

## STATEMENT OF FACTS

8. Plaintiff brings forth this action in Federal Court pursuant to Title VII, ADEA and FCRA.

9. At all material times, Plaintiff ARRATIA was and is over the age of forty (40) years old. At the time of termination, Plaintiff ARRATIA was seventy (70) years old.

10. At all material times, Defendant HIALEAH HOSPITAL, INC (hereinafter "HIALEAH HOSPITAL" or "Defendant") was and is a domestic business corporation authorized to do business in the State of Florida.

11. In or around December 1979, Plaintiff ARRATIA was hired by Defendant HIALEAH HOSPITAL.

12. At all times relevant, Plaintiff ARRATIA was employed by Defendant HIALEAH HOSPITAL.

13. At all times relevant, Defendant was on notice of Plaintiff ARRATIA's age and that she was over the age of forty, therefore a member of a protected class.

14. At all times relevant, Plaintiff ARRATIA was assigned by Defendant to work as a Registered Nurse in the Labor and Delivery Department.

15. At all times relevant, Plaintiff ARRATIA was one of Defendant's highest paid nurses earning $46.00 per hour.

16. At all times relevant, Plaintiff ARRATIA had the most working experience as a registered nurse at Defendant.

17. At all times relevant, Plaintiff ARRATIA was one of the oldest nurses working at Defendant.

18. At all times relevant, Defendant's Director, Luis Fleites (hereinafter "FLEITES") was and is a male employed by Defendant HIALEAH HOSPITAL.

19. At all times relevant, Defendant's FLEITES held direct supervisory authority over Plaintiff ARRATIA.

20. At all times relevant, FLEITES controlled the terms of Plaintiff ARRATIA'S employment.

21. In or around 2017, Defendant HIALEAH HOSPITAL hired FLEITES as their new Director.

22. At all times relevant, Defendant HIALEAH HOSPITAL and FLEITES was aware of Plaintiff ARRATIA'S age.

23. In or around April 2017, Defendant HIALEAH HOSPITAL and FLEITES regularly made comments about age to Plaintiff and other older employees, Plaintiff ARRATIA felt isolated and victimized.

24. In or around April 2018, Defendant HIALEAH HOSPITAL and FLEITES began terminating the older employees at a high rate.

25. In or around April 2018, Defendant HIALEAH HOSPITAL and FLEITES began terminating the older employees for minor infractions, while allowing younger employees to remain on staff while committing the same or similar infractions.

26. In or around October 2017, Plaintiff ARRATIA was injured on the job. Plaintiff fell injured at nursing station in front of management staff.  As a result of the injury suffered, Plaintiff ARRATIA was working until August 2018 under worker's compensation protection and therapy.

27. In or around August 2018, Plaintiff ARRATIA returned to work with physical limitations with some need for accommodations as suggested by her physician.

28. In or around January 2019, Defendant placed Plaintiff ARRATIA on light duty at work. Plaintiff ARRATIA was on light duty until the time of Plaintiff ARRATIA'S unlawful termination.

29. Throughout Plaintiff ARRATIA'S employment at Defendant, employees were not terminated from their positions unless there was a serious negative outcome- such as some harm to a patient.

30. Throughout Plaintiff ARRATIA'S employment at Defendant, Plaintiff ARRATIA was an exemplary employee and also received nothing but high ratings on her evaluations.

31. In or around October 2018, Defendant began hiring younger Registered Nurses. FLEITES hired in total eight (8) new young nurses for the day shift and a new technician, a new secretary and a new coordinator

32. In or around May 2019, Defendant's FLIETES gave Plaintiff ARRATIA the task of watching another of Defendant's older employees, who at the time was in her 80's.

33. Defendant's FLIETES said, "ELIANA WE HAVE TO WATCH HER, SHE IS MAKING TOO MANY MISTAKES." Plaintiff ARATIA agreed to help her get all her work done in a timely manner.

34. Defendant's FLIETES trusted Plaintiff ARRATIA'S judgment and knew of her outstanding work ethic and quality of her work.

35. In or around January 2019, Doctor Edgardo Penabad (hereinafter referred to as "DR. PENABAD"), began telling the staff and Defendant's FLEITES that, "WE NEED TO GET RID OF THE OLD NURSES."

36. Defendant believed the younger Registered Nurses would be quicker and more alert than the current older nurses on staff at Defendant HIALEAH HOSPITAL.

37. DR. PENABAD continuously said that he would much prefer younger nurses. Defendant's FLEITES would laugh whenever DR. PENABAD made his discriminatory comments regarding the ages of the older nurses on Defendant's staff.

38. On or about May 15, 2019, Plaintiff ARRATIA was assigned an orientee, the orientee had the responsibility to give Plaintiff ARRATIA the bedside report of her first patient (hereinafter referred to as "PATIENT # 1").

39. PATIENT # 1 requested an epidural, which was then properly administered a short while later.

40. Defendant then assigned Plaintiff ARRATIA a second patient (hereinafter referred to as "PATIENT # 2) in triage. The Doctor then ordered PATIENT # 2 to be examined and admitted but PATIENT # 2 was not yet in labor.

41. Plaintiff ARRATIA completed her assessment on PATIENT # 2, using the checklist provided by Defendant. Plaintiff ARRATIA then left PATIENT # 2, because PATIENT # 1 now felt like pushing.

42. Plaintiff ARRATIA was in between two patients in active labor with no technician as dictated by Defendant's Policies. Defendant's policy dictates that there are to be two registered nurses at the time of delivery- one for mother and one for the baby.

43. After PATIENT # 1's Delivery, Plaintiff ARRATIA placed the placenta in a bucket on the counter, not yet ready to be processed, and returned to PATIENT # 2.

44. The Placenta was place in a mislabeled bag; the bag had the name of a patient not assigned to Plaintiff ARRATIA. Plaintiff ARRATIA has no knowledge of who sent the mislabeled bag to the lab.

45. Pathology then found the error prior to processing and contacted labor and delivery the next day.

46. Plaintiff ARRATIA did not have access to the patient whose name that was attached to PATIENT # 1's placenta.

47. On or about May 17, 2019, Plaintiff was terminated for failure to comply with "PROPER PATIENT IDENTIFICATION PROCESS."

48. At all material times, Registered Nurses were not terminated for mislabeling, or complying with the patient identification process.

49. At all material times, Plaintiff ARRATIA excelled in her performance as Defendant's team member.

50. At all material times, Plaintiff ARRATIA had excellent customer service and was productive as a team member at Defendant.

51. Plaintiff ARRATIA felt embarrassed, isolated and victimized as a result of Defendant's treatment of its older employees.

52. At all relevant times, Plaintiff feared the loss of her job as it was her primary source of income.

53. As a result of Defendant's actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

54. On or about May 22, 2019, as a result of Defendant's discriminatory treatment and her termination, Plaintiff ARRATIA suffered a stress induced stroke.

55. As a result of Defendant's discriminatory treatment, Plaintiff suffered and continues to suffer severe emotional distress.

56. As a result of the constant harassment, Plaintiff ARRATIA is now being medicated to make it through her day to day living.

57. Plaintiff suffers from regular panic attacks as a result of Defendant's conduct. Plaintiff has depression, anxiety and difficulty sleeping.

58. Plaintiff has had to seek the assistance of a therapist as a result of Defendant's and its employees conduct.

59. Plaintiff has losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

60. As Defendant's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages against Defendant.

61. Plaintiff claims a continuous practice of discrimination and claims continuing violations and makes all claims herein under the continuing violations doctrine.

62. The above are just some examples of some of the discrimination and retaliation to which

Defendant subjected Plaintiff.

63. Defendant has established a pattern and practice of discrimination and harassment through their actions.

64. Upon information and belief, the discrimination and retaliation will continue after the date of this complaint and Plaintiff hereby makes a claim for all continuing future harassment and retaliation.

65. Plaintiff further claims actual discharge to the extent she is terminated from her position as a result of the retaliation and harassment.

66. Defendant held Plaintiff ARRATIA to a different standard than Plaintiff ARRATIA younger employees.

67. Defendant replaced Plaintiff ARRATIA with an individual who is significantly younger than Plaintiff.

68. All conditions precedent have occurred or been met, which includes the filing of a charge of discrimination with the U.S. Equal Employment Opportunity Commission prior to one hundred eighty (180) days from the filing of this Complaint and the issuance of a Notice of Right to Sue on July 16, 2019.

69. Defendant discriminated against and terminated Plaintiff ARRATIA on the basis of Plaintiff's race, color, and national origin, and because Plaintiff complained or opposed the unlawful conduct of Defendant related to the above protected classes.

70. Defendant retaliated against Plaintiff ARRATIA for engaging in protected activity.

71. The above are just some examples of the unlawful discrimination and retaliation to which Defendant subjected Plaintiff.

72. Plaintiff ARRATIA claims actual discharge and also seeks reinstatement.

73. As a result of Defendant's actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

74. As a result of Defendant's unlawful and discriminatory actions, Plaintiff has endured financial hardships and irreparable damage to Plaintiff's professional reputation.

75. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation, which such employment entails. Plaintiff has also suffered pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff further claims aggravation, activation, and/or exacerbation of any preexisting condition.

76. As Defendant's actions were malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands punitive damages against Defendant.

77. Plaintiff further claims aggravation, activation and exacerbation of a preexisting condition.

78. The above are just some examples of unlawful discrimination and retaliation to which the Defendant subjected Plaintiff.

**AS A FIRST CAUSE OF ACTION**

**AGE DISCRIMINATION AND HARASSMENT UNDER**

**TITLE VII**

79. Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 78 above.

80. Title VII states in relevant part as follows:

(a) Employer practices: It shall be an unlawful employment practice for an employer:

(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin;

81. Plaintiff ARRATIA's age and disability was a motivating factor in the Defendant's treatment of Plaintiff ARRATIA, including but not limited to refusing to return him to his original schedule, no pay increase, forcing him to work on weekends and terminating his employment.

82. Defendant's FLEITES intentionally altered Plaintiff ARRATIA'S work environment because of his race.

83. Defendant treated Plaintiff ARRATIA less favorably than similarly situated employees outside Plaintiff's protected class.

84. Defendant's FLEITES intentionally subjected Plaintiff ARRATIA to a hostile work environment on account of Plaintiff ARRATIA'S age and disability.

85. HIALEAH HOSPITAL engaged in unlawful employment practices prohibited by 42 U.S.C. 2000e et seq., by harassing and otherwise discriminating against Plaintiff as set forth herein.

86. Defendant HIALEAH HOSPITAL violated the above and Plaintiff suffered numerous damages as a result.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964; and

b. Issue an order prohibiting further discrimination; and

c. Order equitable relief including but not limited to back pay, reinstating Plaintiff with all promotions and seniority rights to which he is entitled, or award front pay in lieu of reinstatement, and all other equitable relief provided for in 42 U.S.C. 2000e-5; and

d. Award Plaintiff all compensatory damages provided for in 42 U.S.C. 2000e-5; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## AS A SECOND CAUSE OF ACTION
## HOSTILE WORK ENVIRONMENT UNDER TITLE VII

87. Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 78 above.

88. The Civil Rights Act of 1964 prohibits inappropriate conduct in the workplace which leaves any person feeling harassed or discriminated against, due to his or her gender, age, religion, national origin or race.

89. Here, Defendant's conduct occurred because of Plaintiff's legally protected characteristic; and (2) was severe or pervasive enough to make a reasonable person of the same legally protected class believe that the conditions of employment were altered and that the working environment was intimidating, hostile or abusive.

90. The harassing conduct was directly connected to Plaintiff ARRATIA'S age and disability.

91. Defendant's FLEITES often yelled at Plaintiff ARRATIA in the presence of other employees.

92. Plaintiff ARRATIA did not welcome Defendant's conduct or comments.

93. Defendant delegated FLEITES the supervisory authority to control Plaintiff ARRATIA'S work environment. Defendant abused that authority by creating a hostile work environment. A reasonable person subjected to Plaintiff ARRATIA'S working environment would believe Defendant's conduct was severe or pervasive enough to have altered the terms and conditions of employment and render the working environment intimidating, hostile or abusive.

94. As a result of Defendant's violations of The Civil Right Act of 1964, Plaintiff has suffered damages, including, but not limited to: past and future lost wages, mental pain and suffering; humiliation; emotional distress; diminishment of career opportunities; harm to business reputation; loss of self-esteem; disruption to his family life; and other harm, pain and suffering, both tangible and intangible.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964; and

b. Issue an order prohibiting further discrimination; and

c. Order equitable relief including but not limited to back pay, reinstating Plaintiff with all promotions and seniority rights to which he is entitled, or award front pay in lieu of reinstatement, and all other equitable relief provided; and

d. Award Plaintiff all compensatory damages provided; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## AS A THIRD CAUSE OF ACTION

## RETALIATION UNDER TITLE VII

95. Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 78 above.

96. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to . . . discriminate against any of his employees . . . because she has opposed any practice made an unlawful employment practice by this subchapter, or because she has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

97. Plaintiff ARRATIA complained about the discriminatory conduct.

98. Plaintiff ARRATIA engaged in protected activity such as complaining about discrimination based on her age and disability.

99. Shortly after Plaintiff ARRATIA'S complaints, Defendant terminated Plaintiff ARRATIA'S employment.

100. The retaliatory actions taken against Plaintiff ARRATIA world deter a reasonable person from making or maintaining a complaint of discrimination and/or harassment against Defendant.

101. Plaintiff has been damaged as a direct and proximate result of Defendant's illegal employment practices, including suffering economic damages, compensatory damages, emotional pain and suffering, inconvenience, mental anguish, outrage, loss of enjoyment of life, loss of dignity, and other non-pecuniary losses and tangible injuries.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964; and

b. Issue an order prohibiting further discrimination; and

c. Order equitable relief including but not limited to back pay, reinstating Plaintiff with all promotions and seniority rights to which he is entitled, or award front pay in lieu of reinstatement, and all other equitable relief provided; and

d. Award Plaintiff all compensatory damages provided-5; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## AS A FOURTH CAUSE OF ACTION

## AGE DISCRIMINATION-ADEA

102.     Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 78 above.

103.     This is an action to recover all damages, interest, equitable relief and attorney's fees and costs on behalf of Plaintiff for violations of his state rights under the Age Discrimination in Employment Act ("ADEA"), to include the remedies in 29 U.S.C. §621 et seq.

104.     Plaintiff ARRATIA is seventy-two (72) years old and is protected against discrimination under the ADEA.

105.     Plaintiff ARRATIA was replaced by much younger nurses with little to no work experience.

106.     Defendant terminated Plaintiff ARRATIA after making comments about younger nurses were preferred by the doctors.

107.     Defendant failed to terminate the employment of younger nurses with incidents not resulting in a "negative outcome."

108.     Defendant continued to hire much younger employees to replace Plaintiff ARRATIA after her unlawful termination.

109.     Defendant's FLEITES intentionally subjected Plaintiff ARRATIA to a hostile work environment on account of Plaintiff ARRATIA'S age.

110.     Defendant engaged in adverse employment actions against Plaintiff, including but not limited to, refusing to return him to his original schedule and terminating his employment, on the basis of his age.

111.     Plaintiff has been damaged as a direct and proximate result of Defendant's illegal employment practices

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

 a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of the ADEA;

b. Issue an order prohibiting further discrimination;

c. Order equitable relief including but not limited to back pay, reinstatement or front pay in lieu of reinstatement, and all other equitable relief provided in the ADEA;

d. Award Plaintiff all compensatory and liquidated damages provided for in the ADEA; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## AS A FIFTH CAUSE OF ACTION

## HOSTILE WORK ENVIRONMENT UNDER ADEA

112.    Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 78 above.

113.    Defendant and FLEITES subjected Plaintiff to harassment and the harassment was motivated by Plaintiff ARRATIA'S age.

114.    Defendant and FLEITES treated Plaintiff ARRATIA harshly and ultimately terminated Plaintiff ARRATIA because of her age.

115.    Defendant's FLEITES often yelled at Plaintiff ARRATIA in the presence of other employees.

116.    Defendant and FLEITES discriminatory conduct was not welcomed by Plaintiff ARRATIA.

117.    The conduct was so severe and pervasive that a reasonable person in Plaintiff ARRATIA'S position would find Plaintiff ARRATIA'S work environment to be hostile or abusive.

118.    Defendant failed to exercise reasonable care to prevent racial harassment in the workplace by failing to establish an explicit policy against harassment in the workplace on the basis of race, failing to fully communicate the policy to its employees, and/ or failing to provide a reasonable way for Plaintiffs to make a claim of harassment to higher

management, and failing to take reasonable steps to promptly correct the harassing behavior raised by Plaintiff.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of the ADEA;

b. Issue an order prohibiting further discrimination;

c. Order equitable relief including but not limited to back pay, reinstatement or front pay in lieu of reinstatement, and all other equitable relief provided in the ADEA;

d. Award Plaintiff all compensatory and liquidated damages provided for in the ADEA; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## AS A SIXTH CAUSE OF ACTION

## RETALIATION UNDER ADEA

119.    Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 78 above.

120.    Defendant and FLEITES discriminated against Plaintiff ARRATIA due to her age in making employment related decisions.

121.    FLEITES made comments about Plaintiff ARRATIA being with Defendant as an employee for a "REALLY LONG TIME."

122.    Plaintiff ARRATIA was older than the other nurses.

123.     Plaintiff ARRATIA made complaints about Defendant's discriminatory comments and conduct.

124.     Defendant and FLEITES discriminated against him because of Plaintiff ARRATIA'S complaints about being discriminated against.

125.     Defendant and FLEITES subjected Plaintiff ARRATIA to a materially adverse action at the time, or after the protected conduct took place.

126.     There was a causal connection between Plaintiff ARRATIA'S termination of employment and his complaints of discrimination.

127.     The retaliatory actions taken against Plaintiff ARRATIA world deter a reasonable person from making or maintaining a complaint of discrimination and/or harassment against Defendant.

128.     Plaintiff has been damaged as a direct and proximate result of Defendant's illegal employment practices, including suffering economic damages, compensatory damages, emotional pain and suffering, inconvenience, mental anguish, outrage, loss of enjoyment of life, loss of dignity, and other non-pecuniary losses and tangible injuries.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of the ADEA;

b. Issue an order prohibiting further discrimination;

c. Order equitable relief including but not limited to back pay, reinstatement or front pay in lieu of reinstatement, and all other equitable relief provided in the ADEA;

d. Award Plaintiff all compensatory and liquidated damages provided for in the ADEA; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## AS A SEVENTH CAUSE OF ACTION

## FCRA (AGE DISCRIMINATION)

129.     Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 78 above.

130.     This is an action to recover all damages, interest, equitable relief and attorney's fees and costs on behalf of Plaintiff for violations of his state rights under the Florida Civil Rights Act ("FCRA"), to include the remedies in §760.01, et seq., Florida Statutes.

131.     At all relevant times Defendant was an employer and a covered entity under the FCRA subject to its provisions.

132.     Defendant's discrimination against Plaintiff ARRATIA was willful or with reckless indifference to her protected rights.

133.     At all times relevant, Plaintiff ARRATIA was over the age of 40.

134.     Defendant's FLEITES made comments about how long Plaintiff ARRATIA worked for Defendant.

135.     Defendant replaced Plaintiff ARRATIA with much younger nurses.

136.     Defendant subjected Plaintiff ARRATIA to a hostile work environment on account of her age.

137.     Plaintiff ARRATIA has been damaged as a direct and proximate result of Defendant's illegal employment practices, including suffering economic damages, compensatory damages, emotional pain and suffering, inconvenience, mental anguish,

outrage, loss of enjoyment of life, loss of dignity, and other non-pecuniary losses and tangible injuries.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of the FCRA; and

b. Issue an order prohibiting further retaliation; and

c. Order equitable relief including but not limited to back pay, reinstatement or front pay in lieu of reinstatement, and all other equitable relief provided by Fla. Stat. § 760.01, et seq.; and

d. Award Plaintiff all compensatory damages provided for by Fla. Stat. § 760.01, et seq.; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## AS AN EIGHTH CAUSE OF ACTION

## RETALIATION UNDER FCRA

138. Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 78 above.

139. Defendant took adverse employment actions against Plaintiff ARRATIA because he complained about the racial discrimination and harassment; i.e., because he engaged in activities protected by the FCRA.

140. FLEITES made reference to the length of time that Plaintiff ARRATIA was with Defendant as am employee.

141.     Plaintiff ARRATIA complained about FLEITES' discriminatory conduct.

142.     Defendant's created a hostile work environment for Plaintiff ARRATIA.

143.     Defendant terminated Plaintiff ARRATIA after her complaint of discrimination and harassment.

144.     These retaliatory actions against Plaintiff ARRATIA would deter a reasonable person from making or maintaining a complaint of discrimination or harassment against Defendant.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

a. Declare that Defendant has unlawfully retaliated against Plaintiff in violation of the FCRA; and

b. Issue an order prohibiting further retaliation; and

c. Order equitable relief including but not limited to back pay, reinstatement or front pay in lieu of reinstatement, and all other equitable relief provided by Fla. Stat. § 760.01, et seq.; and

d. Award Plaintiff all compensatory damages provided for by Fla. Stat. § 760.01, et seq.; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant in an amount to be determined at the time of trial plus interest, including but not limited to all emotional distress, back pay and front pay, punitive damages, liquidated damages, statutory damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury for the claims set forth in the complaint.

Respectfully Submitted,

February 17, 2020                                    /s/ Tiffani-Ruth Brooks

Tiffani-Ruth Brooks
Fla. Bar No. 1010664
Derek T. Smith Law Group. PLLC
701 Brickell Ave., Suite 1310
Miami, FLL 33131
Tel: (305) 946-1884
Facsimile: (305) 503-6741
tiffani@dereksmithlaw.com